WILLIAM MENEFEE et al., Appellees, v. ARTHUR WHISLER, Appellant.

NEGLIGENCE: Contributory Per Se—Facts Not Constituting. A
1 fair conflict in the evidence renders the question of plaintiff's contributory negligence one for the jury.

PRINCIPLE APPLIED: Plaintiff, with a stallion hitched to a single-seated buggy, was going south on a street at about 9:00 P. M. Within a step of the terrace on the west side of the street and to the west of the beaten path in the street stood an automobile facing southeast and 450 feet from street corner to the south. This automobile had both Prest-O lights burning, the rays extending 150 feet to the southeast. Defendant came from the west with one dim kerosene light, turned the corner north and claimed he was blinded by the lights of the standing car and unable to see plaintiff approaching from the north and behind the standing car. Width of street between terraces was 34 feet. Plaintiff saw defendant's light when it was between the corner and the standing car but says he did not know it was an auto light. When defendant turned into the street and started north

the jury could have found that he was near the west side of street, then turned to the east, but as he neared the standing car turned toward it, without signal at any time. He was driving 8 or 10 miles per hour at time of collision. Plaintiff turned toward the standing car as he started past it, and defendant's car hit the horse. *Held*, plaintiff was not guilty of contributory negligence *per se*.

CONTINUANCE: Amendment to Pleading—Surprise. A continuance on the ground of surprise was properly denied under the following facts: Plaintiff was seeking to recover damages for injury to his horse. Three days before trial plaintiff amended by making another party a joint plaintiff, alleging he was part owner of the horse. No issue was tendered on the ownership of horse. The new joint plaintiff was not present when the collision occurred which injured the horse.

*Appeal from Louisa District Court.*—HON. OSCAR HALE, Judge.

FRIDAY, FEBRUARY 12, 1915.

ACTION at law to recover damages for injury to plaintiff's horse, occasioned by the alleged negligent operation of an automobile driven by defendant. Trial to a jury. Verdict and judgment for plaintiff for $50.00. Defendant appeals.— *Affirmed.*

*Weaver, Briggs & Erwin,* for appellant.

*Molsberry & Reaney,* for appellees.

PRESTON, J.—The action was brought originally by Menefee, and the allegations of the petition are, substantially, that on the occasion in question he was driving a stallion attached to a single-seated buggy south on Fourth Street in Wapello, Iowa, about nine o'clock P. M.; that defendant was going north in his automobile; that when defendant and plaintiff approached each other defendant failed to turn out of the beaten track or to give the plaintiff any portion of the traveled

road; that plaintiff turned to the right as he met defendant, but, on account of another automobile that was standing in the road at the point where the plaintiff and defendant met, plaintiff was unable to turn further to the right in order to pass defendant, and was unable to give all the road to defendant; that defendant failed to turn to his right, but struck plaintiff's horse, injured the horse's foot and caused the horse to be frightened at automobiles; that plaintiff was free from negligence; that defendant was operating his machine in a careless manner; that he had no head lights burning; that he could have seen plaintiff if he had had such lights. The defendant answered by a general denial and filed a counterclaim for injury to his car. January 19, 1914, plaintiff amended his petition, alleging that D. E. Thompson is a part owner of the horse as a co-partner, and made him a party plaintiff. The trial was had January 21, 1914. Defendant moved for a continuance because of the filing of the amendment on the ground of surprise. The grounds of negligence submitted were that the defendant was negligently operating his automobile; that it was improperly lighted, contrary to the statute, and that he did not give a signal.

The evidence tends to establish the allegations of the petition. It appears that the collision occurred about nine o'clock in the evening on a street running north and south; that on the west side of the beaten track, and as some of the witnesses put it, about one step from the terrace on the west side of the street, there was standing an automobile belonging to one Kremer. The Kremer car was facing southeast. It had Prest-O lights burning, and the testimony is that their rays would extend one hundred and fifty feet, or more, in a southeasterly direction. Plaintiff was going south and defendant was going north. It was about four hundred fifty feet from the standing automobile to the Walker corner south; defendant came to the Walker corner from the west and as he proceeded north on Fourth Street he claims to have been blinded by the

1. NEGLIGENCE: contributory *per se:* facts not constituting.

lights from the Kremer car, and he was unable to see plaintiff, who was approaching from the north and behind the Kremer car.

But two errors are assigned: first, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law, inasmuch as the evidence showed contributory negligence on the part of appellee; and second, the court erred in overruling appellant's motion for a continuance.

Counsel for appellant state in argument that they have elected to argue only two of the errors alleged in the motion for new trial.

I. It is said by appellant that plaintiff attempted to drive between the Kremer car and defendant's car when plaintiff and defendant met at about the Kremer car. Some of the witnesses testify that the width of the street between the terraces on either side was thirty-four feet, and, as before stated, that the Kremer car was near the west line of the street. The evidence tends to show that there was but one light on defendant's car at the time of the accident, and that this was a kerosene oil light and dim.

Plaintiff admits that he saw the light on defendant's car when defendant was between the Walker corner and the Kremer car, but testifies that he did not know that it was an automobile light, and there is evidence tending to show that as defendant came from the west and turned into Fourth Street he was near the west line of the street, then turned to the east toward the east side of the street, but that as he approached the Kremer car he turned to his left, or northwest, and towards the Kremer car. The defendant would be within the rays of the lights of the Kremer car part of the time as he was going north, but probably not all the time. Plaintiff doubtless assumed that defendant would turn to the right as they approached the Kremer car, at least that would be a circumstance proper to be considered as bearing upon the question as to whether plaintiff was guilty of contributory negligence.

There is testimony tending to show that defendant gave no signal as he approached the Kremer car, or at the Walker corner. He was driving from eight to ten miles an hour at the time of the collision.

It is claimed by appellee that defendant turned to the east before he reached the Kremer car, and then as he passed the lights of the Kremer car changed his course again, turning back towards the west. Plaintiff turned toward the Kremer car as he started past it, and defendant's automobile collided with the horse.

We have indicated the general tendency of the evidence, and, though some of it is disputed, we think there is such a conflict as that the court cannot say, as a matter of law, that plaintiff was guilty of contributory negligence. It was for the jury.

II. We think the trial court did not abuse its discretion in overruling the motion for a continuance. Three days had elapsed from the time of the filing of the amendment, bringing in the new party, until the trial. In his answer defendant did not tender any issue as to the ownership of the horse. In his motion he states that the amendment setting up the allegation of ownership came at such a time in the proceedings that the defendant was unable to provide a defense and would not have an opportunity to avail himself of possible admissions of the new plaintiff and to ascertain whether or not the new plaintiff was at the time guilty of contributory negligence, or to ascertain whether defendant had any counterclaim against the new plaintiff. Thompson, the party brought in by the amendment, was not a witness on the trial and was not present at the time of the collision.

2. CONTINUANCE: amendment to pleading: surprise.

There is no showing made on the motion for new trial as to any of these matters, and it is not claimed even now that any of these grounds existed. There was no material change in the issues and, as already stated, there was no question as to the ownership of the horse at any stage of the trial. In

addition to this, the court, in ruling on the motion, did so with leave to defendant to renew the motion at any later time during the proceedings. The motion was not renewed. The same argument applies to the refusal to extend the time to plead. The case was tried on the theory that all allegations of the petition and amendment were denied.

The record does not show any prejudicial error, and the judgment is—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.